UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:22cv38(MPS) |
| | : | |
| ALEXANDRO DONES, et al., | : | |
|     Defendants. | : | |

**ORDER ON MOTION FOR RECONSIDERATION**

On January 10, 2022, the plaintiff, Joe Baltas, filed his complaint in this matter and sought to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 in this civil rights action. ECF Nos. 1, 2. On January 13, 2022, the Court denied Baltas's motion to proceed IFP after review of his prisoner trust account and his IFP application. Order, ECF No. 9. The Court noted that Baltas's materials showed that he had been receiving $100.00 monthly deposits since July 2021, that he had no dependents, and that he had received $1,400 in gifts or inheritances during the past twelve months. *Id.* at 1-2. The Court also observed that Baltas spent down his account through expenditures at the prison commissary and "special requests" each month after receiving a monthly $100 deposit. *Id.* at 1. Thus, the Court denied the motion to proceed IFP because Baltas's materials showed that he should have sufficient funds to pay the filing fee without foregoing life necessities. *Id.* at 2. The Court noted that if Baltas submitted a motion for reconsideration, Baltas should provide information about the $1,400 received during the past twelve months, his monthly $100 deposits, and the nature of his expenditures. *Id.* at 2-3.

Baltas filed a motion for reconsideration, arguing that he should be afforded IFP status because he does not have sufficient funds available to pay the filing fee. Mot., ECF No. 10. He explains that he has no control over his receipt of monetary gifts from his family, that he has no

1

capacity to earn money, and that he has spent his money on postage, clothing, writing materials, and hygiene products but otherwise cannot remember how he has spent his funds. *Id.* at 2-3.

The Court recognizes that the standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Upon review of the information provided by Baltas, however, the Court concludes that paying the filing fee at this time would hamper Baltas's ability to obtain life's necessities at this time or force him to abandon this action. The Court hereby **GRANTS** Baltas's motion for reconsideration (ECF No. 10). The order denying the motion to proceed IFP (ECF No. 9) is **VACATED**. The Court now **GRANTS** Baltas's motion to proceed IFP (ECF No. 2).

Baltas is advised that the Rules of this Court require him to notify the Court if he changes his address at any time during the litigation of this case. See Local Civil Rule 83.1(c)2. Failure to do so can result in the dismissal of this case.

/s/
Michael P. Shea, U.S.D.J.

It is so ordered this 22nd day of February 2022, at Hartford, Connecticut